IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY JOHNSON, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL CASE NO. 3:17-CV-639-M-BK |
| § | |
| LORIE DAVIS, Director, TDCJ-CID, § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Anthony Johnson's ("Johnson's") petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for a recommended disposition. For the reasons stated here, the habeas corpus petition should be **DENIED**.

### I.   BACKGROUND

A jury convicted Johnson of aggravated assault and manslaughter and sentenced him to 10 and 20 years' imprisonment, respectively. *State v. Johnson*, Nos. F08-71994-V and F11-00273-V (292nd Jud. Dist. Ct., Dallas Cty., Tex., Feb. 29, 2012), *aff'd*, Nos. 05-12-00743-CR and 05-12-00744-CR, 2013 WL 3423105, *1 (Tex. App. –Dallas, July 3, 2013, pet. ref'd). Subsequently, the Court of Criminal Appeals (CCA) issued a written order denying state habeas relief based on the trial court's findings. *Ex parte Johnson*, Nos. WR-82,501-01 & -02, 2016 WL 8603715, at *1 (Tex. Crim. App. Nov. 2, 2016) (per curiam).

Johnson then filed the habeas petition in this case, alleging ineffective assistance of counsel. Doc. 1 at 6. Respondent argues the claims lacks merit, Doc. 10, and Johnson filed a reply. Doc. 15.

## II.   STANDARD OF REVIEW

A petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The petitioner bears the burden of establishing that he is entitled to relief.  *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the state court's decision is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt."  *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).  Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'"  *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (quoting *Richter*, 562 U.S. at 102).  Consequently, "even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable."  *Wilson*, 641 F.3d at 100; *see Richter*, 562 U.S. at 101 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law") (quotations and quoted case omitted; emphasis in original).

In addition, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under

*Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### III. PETITIONER'S CLAIMS LACK MERIT

Johnson contends trial counsel rendered ineffective assistance in failing to request jury instructions on (1) involuntary conduct in the aggravated assault case, and (2) defense of third person in the manslaughter case. Doc. 1 at 6; Doc. 2 at 23-34. He argues trial counsel was ineffective in relying only on self-defense and failing to request the additional jury instructions, "as both statutory offenses were raised by the evidence" and "[n]o sound strategy could justify these omissions." Doc. 2 at 25, 30. Johnson maintains that "[r]easonably competent counsel

would have researched the law and determined that self-defense did not apply to either shooting," as the trial court and the Fifth Court of Appeals ultimately concluded. Doc. 2 at 30; *see also Johnson,* 2013 WL 3423105, *4-5 (affirming trial court's refusal to instruct the jury on self-defense). However, Johnson cannot overcome the "relitigation bar" and, thus, he is not entitled to relief on his claims. *See Thomas v. Vannoy*, ___ F.3d ___, 2018 WL 3670915, at *2 (5th Cir. Aug. 2, 2018) (reaffirming the "so called 'relitigation bar'").[1]

Following an evidentiary hearing, the state trial court rejected both claims finding (a) that Johnson was not entitled to either instruction under state law and, thus, that counsel was not deficient in failing to request them, (b) that defense counsel made the strategic decision not to ask for both instructions, and (c) that Johnson was not prejudiced because of counsel's decision not to ask for either instruction. See. Doc. 13-17 at 14-21. The trial court concluded:

> 4. To the extent that Applicant sought to raise the defensive issue of involuntary conduct at trial, it was necessary for him to offer some evidence proving that he was the passive instrument of another's act. *See Rogers v. State,* 105 S.W.3d 630, 640 (Tex. Crim. App. 2003). Because there was no such evidence, Applicant was not entitled to a jury instruction on involuntary conduct.
>
> 5. Additionally, the testimony at trial showed that Applicant shot Sharp two times. The first shot that injured Sharp was when Applicant shot at the ground. (RR3:68-

---

[1] Johnson contends the trial court's findings are not entitled to deference under Section 2254(d)(1) because he "was denied due process of law when the prosecutor engaged in an *ex parte* conversation with the district judge that resulted in the vacatur of [the initial] recommendation to grant relief" and the recusal of the district judge because he had participated in the case as a prosecutor. Doc. 2 at 9-10. Johnson avers "that it is of no coincidence that [his] case was transferred to the only district judge in Dallas County with whom [his retained] counsel has had problems." Doc. 2 at 12-14. The veracity of Johnson's allegations aside, the "deferential standard is afforded to a state court decision . . . when the state court adjudicated the petitioner's claims on the merits." *Woodfox v. Cain*, 609 F.3d 774, 794 (5th Cir. 2010). And here the CCA's written decision, which adopted the trial court's findings, undisputedly adjudicated the claims on the merits. As such, the CCA's decision denying habeas relief is subject to deferential review. Additionally, alleged infirmities in collateral proceedings are not grounds for federal habeas relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001).

69). Sharp jumped up and down in an effort to avoid being shot in the feet but was shot in the leg. (RR3: 133, 162). Then Sharp grabbed for the gun and Applicant's hand and Sharp was shot in the stomach. (RR3: 135, 162). There was only one indictment for aggravated assault. Therefore, either shooting by Applicant could have resulted in a conviction for aggravated assault. Even if counsel had requested an involuntary conduct charge on the stomach wound to Sharp, Applicant would have still been convicted. Counsel would not have been entitled to an involuntary conduct charge with regard to the leg wound received by Sharp. There was no struggle over the gun when Sharp was shot in the leg. Applicant pointed the gun at the ground and fired. In sum, counsel's failure to request the charge had no effect on the outcome of the proceeding.

6. Even assuming arguendo that the jury found the stomach wound to be the result of an involuntary act by Applicant, the jury would still have been charged on the leg wound as a separate manner and means of committing aggravated assault. No involuntary conduct charge would have applied to that shooting. Based on the evidence at trial, the jury would have found Applicant guilty of aggravated assault based on the leg wound to Sharp. Accordingly, the result of the proceeding would have been the same regardless of whether Applicant's counsel requested a charge on involuntary conduct with regard to the stomach wound.

\*\*\*

14. Applicant failed to confess to the [manslaughter] offense, therefore, he was not entitled to the complained-of instruction [for defense of a third person]. *See McGarity v. State*, 5 S.W.3d 223, 230 (Tex. App.-San Antonio 1999, no pet.) (rejecting McGarity's claim of ineffective assistance for failing to raise the defense of protection of life or health where McGarity failed to admit to the offense and then justify his reason for committing the offense).

15. Applicant was not entitled to an instruction regarding defense of a third person in the manslaughter case.

16. Applicant did admit to firing the gun in the direction of "[his] friend and a dark-skinned guy." (RR6:82; see also RR6: 101). He testified that he "was shooting at the ground" because the guy "was choking his friend." (RR6:82). Applicant points to no authority providing that he is entitled to an instruction regarding defense of a third person when he denies that the person who was shot (Scott) was the person that he was allegedly defending against (the dark-skinned guy fighting Ryan Harrison).

17. Moreover, because Applicant shot and killed an innocent person, he would not have been entitled to a defense of a third person instruction. Penal Code section 9.05 states that even though an actor is justified under chapter nine of this code in threatening or using force or deadly force against another, if in doing so he

> recklessly injures or kills an innocent third person, the justification afforded under chapter nine of this code is unavailable in a prosecution for the reckless injury or killing of the innocent person. *See* Tex. Penal Code § 9.05. Because Applicant admitted firing his gun in the direction of someone other than the victim who was shot, he was not entitled to a defense of a third person charge to the jury.

Doc. 13-17 at 14-15, 19.

The CCA subsequently found the trial court's findings were supported by the record and "agree[d] with the trial court's findings and conclusions that Applicant's trial counsel was not ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984)." *Ex parte Johnson*, 2016 WL 8603715, at *1-2.

"[T]he Supreme Court has 'repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.'" *Paredes v. Quarterman*, 574 F.3d 281, 290-91 (5th Cir. 2009) (quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) (emphasizing "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").  In the case *sub judice*, the state habeas court determined, as a matter of state law, that Johnson was entitled to neither the involuntary-conduct nor the defense-of-third-person jury instruction.  That determination is binding in this case.  *Cf. Garza v. Stephens*, 738 F.3d 669, 677 (5th Cir. 2013) (finding state habeas court's interpretation of Texas evidentiary rules binding in federal habeas review of ineffective assistance claims); *see also Salmeron v. Davis*, No. 3:15-CV-3167-M-BH, 2017 WL 4075181, at *4-6 (N.D. Tex. Aug. 21, 2017), *R&R accepted*, 2017 WL 4023081, at *1 (N.D. Tex. Sept. 13, 2017) (finding state court's conclusion petitioner was not entitled to jury instructions was binding in federal habeas review of ineffectiveness claim).

Accepting the state court's conclusions, the Court finds that Johnson's trial counsel was not constitutionally ineffective for failing to request or argue for the involuntary conduct jury instruction or defense of third person jury instruction, as Johnson was not entitled to either. *See Garza*, 738 F.3d at 677 (concluding *Strickland* claim was meritless because of state court's conclusion that counsel was not ineffective in failing to lodge a state-law objection (citing *Paredes*, 574 F.3d at 291)); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"). Thus, Johnson fails to meet *Strickland*'s deficient performance and prejudice prongs.

Additionally, counsel's decision to request only a self-defense jury instruction is entitled to deference as reasonable trial strategy. *See Mosley v. Quarterman*, 306 F. App'x 40, 48 (5th Cir. 2008) (per curiam) (concluding counsel's failure to request a jury instruction was reasonable trial strategy). As the state court found, trial counsel made a conscious decision, grounded in sound trial strategy, to pursue only the issue of self-defense. Doc. 13-17 at 17, 21. And Johnson fails to overcome the strong presumption that his counsel's decision was the result of "sound trial strategy." *See Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) ("[B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" (quoting *Strickland*, 466 U.S. at

689)). Johnson simply contends that self-defense did not apply, that the evidence supported the complained-of instructions, and that the state habeas judge unreasonably determined the facts in light of the evidence. Doc. 2 at 31-33; Doc. 15 at 1-3. Johnson's disagreement with the state court's holding notwithstanding, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Johnson has wholly failed to demonstrate that counsel's tactic, even though it ultimately proved to be unsuccessful, fell outside the realm of reasonable trial strategy. *See Richter*, 562 U.S. at 110 ("*Strickland* does not guarantee perfect representation, only a 'reasonably competent attorney.'" (quotations and quoted cases omitted)).

### IV.   CONCLUSION

Because Johnson has not demonstrated that the state court's decision rejecting his ineffective-assistance claims was contrary to or an unreasonable application of clearly established federal law, his claims fail. Thus, the petition for writ of habeas corpus should be **DENIED**.

**SO RECOMMENDED** August 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

                                                          _____
                                                          RENEE HARRIS TOLIVER
                                                          UNITED STATES MAGISTRATE JUDGE