IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ANTHONY JOHNSON, | § | |
|---|---|---|
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:17-CV-639-M-BK |
| | § | |
| LORIE DAVIS, Director, TDCJ-CID, | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States magistrate judge made *Findings, Conclusions, and a Recommendation* ("*Recommendation*") in this case. Doc. 16. Petitioner Anthony Johnson ("Johnson") filed his *Objections*. Doc. 17. He avers the magistrate judge's *Recommendation* did not address whether the state court's decision rejecting his ineffective assistance of counsel claim – that Johnson's trial counsel was not constitutionally ineffective for failing to request a defense of third person jury instruction – was based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2), and requests the Court to make that determination. Doc. 17 at 1-3.

Johnson maintains the state habeas judge unreasonably determined the facts in finding that he was not entitled to an instruction on defense of a third person. In his *Brief in Support of Petition for Writ of Habeas Corpus*, he argues:

> Judge Burns found that petitioner was not entitled to an instruction on defense of a third person because he did not admit that he shot Scott (3 SUPP. H.C.R. 15-19). This interpretation of petitioner's testimony is flawed. Petitioner had never before seen the man in whose direction he shot, did not know his name, and was not "entirely certain" that he killed Scott. Nonetheless, the State maintained at trial that he did, the jury found that he did, and there was no testimony that anyone else in the area fired shots or that anyone other than Scott (and Sharp) had been shot. Petitioner's testimony that he fired shots in the direction of the man who was choking Harrison raised defense of a third person. Thus, Judge Burns unreasonably determined the facts and ignored the applicable state law.

Doc. 2 at 32-33.

In his *Objections*, Johnson adds:

> Petitioner testified that he turned around; saw a "big dark-skinned dude" choking his friend, Ryan Harrison; shot at the ground; did not intend to shoot the man; and did not know that the man had been shot. He did not testify that he was in fear of his life because the man attacked him. Thus, his testimony did not raise self-defense, and the Fifth Court of Appeals so held. However, it did raise defense of a third person pursuant to section 9.33 of the Penal Code. *See Hamel v. State*, 916 S.W.2d 491, 493-94 (Tex. Crim. App. 1996) (error to refuse instruction on defense of third person where defendant testified that he stabbed complainant to prevent him from reaching in car to get gun to carry out threat to shoot defendant and his father).
>
> The special master who presided over the state evidentiary hearing found that counsel mistakenly relied on self-defense instead of defense of a third person in the manslaughter case. The court did not approve these findings. Instead it found that petitioner was not entitled to an instruction on defense of a third person because he did not admit that he shot Scott. The magistrate judge relied on this finding in recommending that relief be denied. Report at 5-6.
>
> The state trial court's interpretation of petitioner's testimony does not accord with the record. Petitioner had never before seen the man in whose direction he shot, did not know his name, and was not "entirely certain" that he killed the man. Nonetheless, the State maintained at trial that he did, the jury found that he did, and there was no testimony that anyone else fired shots. Petitioner's testimony that he fired shots in the direction of the man who was choking his friend raised defense of a third person. Thus the state trial court unreasonably determined the facts in light of the evidence presented. The CCA denied relief based on these unreasonable findings.

Doc. 17 at 2-3.

The Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The objections are overruled. For the reasons stated by the magistrate judge, the Court finds that Johnson has failed to demonstrate that the state court's decision rejecting his ineffective-assistance claim was unreasonable in fact or law. *See* 28 U.S.C. § 2254(d)(1) and (d)(2). Thus, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

If Petitioner files a notice of appeal,

( ) petitioner may proceed *in forma pauperis* on appeal.

(X) petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 11th day of September, 2018.

BARBARA M. G. LYNN
CHIEF JUDGE